UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEFFERY THACKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:09-CV-90 |
| CITY OF KENDALLVILLE, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court are two motions, Defendant City of Kendallville's unopposed Motion to Dismiss for Lack of Jurisdiction (Docket #18) and Plaintiff Jeffery Thacker's Motion to Amend his Complaint (Docket #21). For the reasons given herein, Defendant's motion will be GRANTED and Plaintiff's motion will be DENIED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 24, 2009, Plaintiff filed a complaint in the Noble County Superior Court alleging that Defendant interfered with his right of access to benefits under the Family Medical Leave Act ("FMLA") and wrongfully terminated his employment in retaliation for his use of FMLA benefits. (Compl. ¶¶ 5, 6.) Plaintiff also alleged that he was terminated in retaliation for his use of benefits under the City of Kendallville's Employee Benefit Plan, in violation of Section 510 of the Employee Retirement Income Security Act ("ERISA § 510"). On April 7, 2009, Defendant removed the action to this Court. (Docket #2.)

Defendant now seeks to dismiss Plaintiff's ERISA § 510 claim for lack of subject matter jurisdiction, arguing that ERISA does not apply to government plans. (Mot. to Dismiss 1.) Plaintiff concedes that Defendant is not subject to ERISA § 510 (Pl.'s Mot. to Am. ¶ 2), and

instead seeks to amend his complaint to add an allegation under *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973), that he was terminated in retaliation for participating in the city's group insurance plan enacted under Indiana Code § 5-10-8-1, *et seq.*[1] (Pl.'s Mot. to Am. ¶ 8.) The Defendant counters that the Plaintiff's motion is untimely, and that in any event, amending the complaint would be futile since the Plaintiff has failed to state a valid claim of retaliation under *Frampton*. (Def.'s Resp. to Pl.'s Mot. to Am. ("Def.'s Resp.") 1.) The Plaintiff did not file a reply.

## II. DISCUSSION

In his Motion to Amend, the Plaintiff concedes that the Defendant is not subject to the provisions of ERISA § 510. (Pl.'s Mot. to Am. ¶ 2.) Accordingly, the motion to dismiss the ERISA § 510 claim will be granted.

Moreover, since the Plaintiff's Motion to Amend is both untimely and futile, it will be denied. Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend its pleading only by leave of the court or by written consent of the adverse party. Leave to amend is freely given when justice so requires. *Id.* However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Moreover, Rule 15 must be read in conjunction with the requirements of Federal Rule of Civil Procedure 16, because "[o]nce the district court [has] filed a pretrial scheduling order

---

[1] The Court would presumably have supplemental jurisdiction under 28 U.S.C. § 1367 over this Indiana state law claim, although the Plaintiff does not address this issue in his Motion.

pursuant to [Rule] 16 which establish[es] a time table for amending pleadings that rule's standards [control]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992); *Kortum v. Raffles Holdings, Ltd.*, No. 01 C 9236, 2002 WL 31455994, at *3 (N.D. Ill. Oct. 30, 2002); *Tschantz v. McCann*, 160 F.R.D. 568, 570-71 (N.D. Ind. 1995). Rule 16(b)(3)(A) requires that the scheduling order "limit the time to join other parties, amend the pleadings, complete discovery, and file motions."

Thus, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. *Tschantz*, 160 F.R.D. at 571. "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Id.* (quoting *Johnson*, 975 F.2d at 609). Rather, the good cause standard focuses on the diligence of the party seeking the amendment. *Id.* In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not have reasonably been met. *Id.*

In this case, the Court's scheduling order set May 26, 2009, as the deadline for amending the pleadings to add a new claim or party. (Docket #11.) Plaintiff's Motion to Amend was not filed until August 21, 2009, well after the deadline. (Docket #21.) Plaintiff does not give any explanation for this lengthy delay or make any showing that, despite his diligence, he was unable to comply with the Court's timetable. *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting *Johnson*, 975 F.2d at 609)). Rather, the amendment seems to simply be the result of Plaintiff's belated recognition that his ERISA § 510

3

claim is without merit.

Defendant further argues that, even if the Court finds the proposed amendment to be timely, amending the complaint is futile because the Amended Complaint fails to state a claim upon which relief can be granted. (Def.'s Resp. 4.) *See, e.g., Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (holding that a proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim). Specifically, Defendant contends that a claim for retaliatory dismissal for participating in a group health insurance plan does not exist under the narrow *Frampton* exception to Indiana's employment at will doctrine.

Defendant's argument has merit. In *Frampton*, the Indiana Supreme Court held that the Indiana Worker's Compensation Act imposed a duty on employers to compensate employees for work-related injuries, and that in order to effectuate that public policy, the employee must be able to exercise his rights under the statute in an unfettered fashion. *Frampton*, 297 N.E.2d at 427. Accordingly, the *Frampton* court instructed that "when an employee is discharged solely for exercising a statutorily conferred right an exception to the general rule [of employment at will] must be recognized." *Id*. at 428. However, "[t]he decisions during the intervening thirty years have made it plain that this language is intended to recognize quite a limited exception." *Meyers v. Meyers*, 861 N.E.2d 704, 706-07 (Ind. 2007).

In the instant case, the Plaintiff asserts that Indiana Code § 5-10-8-1, *et seq*. confers the type of "statutorily conferred right" identified in *Frampton,* apparently because it provides that "[a] public employer may provide programs of group insurance for its employees and retired employees." I.C. § 5-10-8-2.6(b). Plaintiff's theory thus seems to be that if a public employer

4

takes advantage of this enabling provision and provides group health insurance, a "right" to participate without retaliation springs into existence. The problem with this analysis is that while a clear expression of public policy was found to be present in the worker's compensation statute analyzed in *Frampton*, similar language does not appear in the precatory language the Indiana Legislature chose concerning an employer's optional provision for group insurance. Indeed, unlike the extensive statutory framework examined in *Frampton*, Indiana Code § 5-10-8-1, *et seq*. does not suggest that an employee has a "statutorily conferred right" to group insurance benefits. Accordingly, in the absence of such a right, a claim under *Frampton* does not exist and it would therefore be futile to amend the complaint.[2]

## IV. CONCLUSION

For the reasons given above, Defendant's Motion to Dismiss (Docket #18) is GRANTED and Plaintiff's Motion to Amend his Complaint (Docket # 21) is DENIED.

SO ORDERED.

Enter for this 24th day of September, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[2] *Frampton*-like claims arising out of retaliation for asserting a worker's compensation claim have been recognized in nearly every state. *See* Theresa Ludwig Kruk, *Recovery for Discharge From Employment in Retaliation for Filing Workers' Compensation Claim*, 32 A.L.R. 4th 1221(1984). On the other hand, the Court could find only one jurisdiction where a claim like the Plaintiff's was considered. In *Price v. Carmack Datsun, Inc.*, 485 N.E.2d 359, 361 (Ill. 1985), the Illinois Supreme Court held that the alleged discharge of an employee for filing a health insurance claim under the employer's group policy did not support a cause of action, since the discharge did not violate "clearly mandated public policy."

5